unanimously reversed, on the law, and summary judgment granted to the defendant dismissing the complaint, without costs and disbursements. The promissory demand note dated July 29, 1976, in the principal amount of $50,000, with interest at the rate of 10% per annum, is patently usurious and, therefore, void under section 5-511 of the General Obligations Law. Section 5-519 of the General Obligations Law "was never intended and cannot be construed to emasculate [General Business Law, § 373 (now General Obligations Law, § 5-511)]" *(Bowery Sav. Bank v Nirenstein,* 269 NY 259, 264). When a note reserves to the lender an illegal rate of interest, that will satisfy the borrower's burden of proving a usurious loan *(Matter of Dane,* 55 AD2d 224). Concur—Fein, J. P., Sandler, Sullivan, Bloom and Lupiano, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH FRAZIER, Appellant.—Application by assigned counsel to be relieved as counsel for appellant, granted only to the extent of assigning alternate counsel to expeditiously prosecute this appeal by whatever means deemed appropriate. Counsel in his present brief has alluded to at least one legal point arguable on the merits. This failure to comply with the dictates of *People v Saunders* (52 AD2d 833), renders him "ineligible for compensation for such [his] efforts" *(People v Perry,* 73 AD2d 545). Concur—Fein, J. P., Sandler, Bloom and Lupiano, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSLOW HUNTER, Appellant.—Appeal from judgment, Supreme Court, New York County, rendered September 7, 1978, convicting defendant of attempted robbery in the second degree, and sentencing him to an indeterminate term of three and one-half to seven years, held in abeyance, counsel's motion to be relieved denied with leave to renew, and counsel directed to proceed as hereinafter indicated. Motion by defendant, *pro se,* to relieve counsel denied, as academic. After counsel ascertained that no nonfrivolous issues existed, he notified defendant that defendant could seek new counsel or submit a supplementary brief. Consequently, defendant moved to relieve counsel. In *People v Saunders* (52 AD2d 833) this court established the procedure to be followed when an appeal is deemed wholly frivolous. The only option available to a defendant under *Saunders* is the opportunity to submit a supplementary brief. Thus, counsel's advice that new counsel could be sought was incorrect. We are aware that defendant himself informed counsel that he was unaware of the existence of any appealable issues. But since this communication was made before counsel prepared and filed his brief, a copy of which he transmitted to defendant, defendant has never been afforded the opportunity, pursuant to *Saunders,* to file a brief supplementary to counsel's. Counsel is directed to advise defendant that if he wishes to submit a supplementary brief, he must do so within 60 days after the entry of the order hereon. Concur—Fein, J. P., Sandler, Sullivan, Bloom and Lupiano, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSLOW HUNTER, Appellant.—Motion to relieve assigned counsel denied as academic in view of the determination of this court on Appeal No. 6822 decided simultaneously herewith. Concur—Fein, J. P., Sandler, Sullivan, Bloom and Lupiano, JJ.

■ COLLATERAL FACTORS CORP., Respondent, v EUGENE WEISS, Appellant.—Order, Supreme Court, New York County, entered on February 8, 1979, unanimously affirmed. Respondent shall recover of appellant $75 costs and disbursements of this appeal. The record does not contain either the